UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHISA Y.H., <br><br>    Plaintiff, <br><br>    v. <br><br> MARTIN J. O'MALLEY,[1] <br> Commissioner of Social Security, <br>    Defendant. | Case No.  CV 2:23-7250 RAO <br><br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Chisa Y.H.[2] ("Plaintiff") challenges the Commissioner's denial of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the reasons stated below, the decision of the Commissioner is **REVERSED**.

///

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley, the Commissioner of Social Security, is hereby substituted as the defendant.

[2] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## II. SUMMARY OF PROCEEDINGS

On December 9, 2020, Plaintiff applied for DIB and SSI, alleging disability beginning November 3, 2020. (AR 241-54.)[3] Her applications were denied initially on April 27, 2021, (AR 138-42), and upon reconsideration on September 16, 2021, (AR 98-116). At Plaintiff's request, a hearing before an administrative law judge ("ALJ") took place on May 13, 2022. (*See* AR 40-67.)

The ALJ followed the familiar five-step sequential evaluation process for determining disability. At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 3, 2020. (AR 18.) At **step two**, the ALJ determined Plaintiff had several severe impairments: lumbar degenerative disc disease; right knee osteoarthritis and meniscus tear; obesity; major depressive disorder; ADHD; and panic disorder. (*Id.*) At **step three**, the ALJ concluded that Plaintiff did not have any impairments or combination thereof that meets the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 19.) The ALJ also assessed that Plaintiff had the residual functional capacity ("RFC") to perform light work, except she can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk six of eight hours; sit six hours in an eight-hour day; occasionally push and pull; frequently climb, balance, stoop, kneel, crouch, and crawl; can perform simple tasks in a routine work environment; cannot have customer-service interaction with the public; and can perform low stress work, meaning only occasional decision-making and occasional changes in the work setting. (AR 20-21.) At **step four**, the ALJ concluded Plaintiff could not perform past relevant work. (AR 28.) At **step five**, the ALJ found there was a significant number of jobs in the national economy Plaintiff could perform, considering her age, education, work experience, and RFC. (AR 29.) The ALJ concluded Plaintiff was not under disability. (AR 31.)

---

[3] For the administrative record ("AR") only, the Court uses the pagination of the AR itself instead of the electronic numbering system.

The Appeals Council denied Plaintiff's request for review on July 6, 2023. (AR 1-6.) Plaintiff filed suit challenging the Commissioner's decision on September 1, 2023. (Dkt. No. 1.) The parties filed their respective briefs for the Court's consideration. (*See generally* Dkt. Nos. 13 ("Pl. Brief"), 14 ("Comm'r Brief"), 15 ("Pl. Reply").)

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340

F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises one issue for review: Whether the ALJ properly evaluated Dr. Christina Huckabay's and Dr. Eduardo Pineda's opinions. (Pl. Brief at 4; Pl. Reply at 1-2.) Plaintiff argues that the ALJ improperly evaluated the medical opinions of both doctors, specifically with respect to the supportability factor pursuant to 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2), and, in the alternative, did not cite legitimate reasons for rejecting them. (*See generally* Pl. Brief; Pl. Reply.) The Commissioner contends that the ALJ's analyses of both opinions were correct and that any perceived error is harmless. (Comm'r Brief at 25-28.) For the reasons stated below, the Court agrees with Plaintiff.

### A. Applicable Law

An ALJ cannot reject an examining or treating physician's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023) (citing *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022)). The ALJ considers several factors in weighing a treating physician's opinions and must explain specifically how it considered the supportability and consistency factors. *Id.* at 739-40. "Supportability concerns how 'a medical source supports a medical opinion' with relevant evidence, while consistency concerns how 'a medical opinion is consistent with the evidence from other medical and nonmedical sources.'" *Id.* (quoting *Woods*, 32 F.4th at 791-92). An ALJ "need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957.

### B. Dr. Huckabay's Medical Opinion

Dr. Huckabay opined that because of her fatigue and symptoms, Plaintiff would likely be off-task at least 25% of the time, would be able to maintain attention

and concentration for less than one hour at a time, and would likely miss four or more days of work per month. (AR 1083.) Dr. Huckabay assessed that Plaintiff could occasionally lift or carry 10 pounds or less, but never twenty or more pounds because of degenerative changes to her lumbar spine; sit for a total of four hours and stand or walk for a total of four hours in an eight-hour workday; requires the option to sit/stand at-will; needs to lie down up to four times per day for 30-60 minutes; never needs an assistive ambulatory device; and would experience limitations in using foot controls because of pain and numbness that occur in repetitive foot movements. (AR 1084-85.) As to Plaintiff's upper extremities, Dr. Huckabay noted that she had no limitations with her left side, and no limitations except for occasionally fingering and handling with her right side; and that Plaintiff exhibited carpal tunnel symptoms and underwent carpal tunnel surgery on her right hand. (AR 1085.) Plaintiff has been unable to fully close her right hand, which also has a weaker grip than the left, since the surgery. Dr. Huckabay opined Plaintiff could never stoop, kneel, crouch, or crawl; rarely balance; and continuously rotate her head and/or neck. These limitations were supported by Plaintiff's history of arthritis in the right knee and chronic lower back pain/sciatica, both of which were demonstrated on X-rays, MRIs, and a physical exam; and bilateral leg numbness from sciatica and post-COVID vaccine neurological conditions. According to Dr. Huckabay, these limitations affect Plaintiff's mobility and agility of lower extremities and increase her risk of falling. (AR 1085-86.) As for environmental limitations, Dr. Huckabay opined Plaintiff could face occasional exposure to dust, odors, fumes, pulmonary irritants, extreme cold; frequent exposure to extreme heat; and occasionally operate a vehicle. (AR 1086.) Dr. Huckabay also noted that Plaintiff's lower back pain prevents her from driving long distances, and that her chronic pain fatigues her and sometimes affects her alertness on the road.

///

///

### 1. ALJ's Decision

The ALJ concluded that Dr. Huckabay's opined RFC was unpersuasive because the limitations to sedentary exertion, with standing and walking limited to four hours in a normal workday; and requiring Plaintiff to have the option to alternate between sitting, standing, and lying down throughout the workday, were "overall inconsistent" with her ability to work as a massage therapist, the shifts of which last between six and nine hours. Additionally, the ALJ found that those limitations were inconsistent with the "largely benign objective examination findings . . . which showed no focal deficits on a longitudinal basis to justify such restrictive limitations." (AR 25.)

### 2. Analysis

Here, the ALJ's conclusion that Dr. Huckabay's opinion was unpersuasive is improper because the ALJ failed to analyze the supportability factor. *Howard v. Kijakazi*, No. 23-00138, 2023 WL 6141372, at *7 (D. Haw. Sept. 20, 2023) ("[D]istrict courts often remand matters where an ALJ fails to adequately engage in the supportability analysis." (collecting cases)). Although an ALJ need not use the term "supportability," which examines the evidence presented by the opining doctor, to engage in a meaningful analysis, the Court must be able to discern whether it was actually considered. *Ann M. v. Kijakazi*, No. 23-1081, 2024 WL 39193, at *2 (C.D. Cal. Jan. 3, 2024); *see Wade v. O'Malley*, No. 23-00350, 2024 WL 3248021, at *5 (D. Haw. Feb. 16, 2024); *Eddinger v. Comm'r of Soc. Sec. Admin.*, No. 23-00120, 2023 WL 10148249, at *10 (D. Ariz. Dec. 11, 2023). It is unclear here whether the ALJ analyzed supportability because she makes a broad and vague reference to the "largely benign objective examination findings as summarized [earlier in her decision]," the summary of which spans about seven pages and includes notes from various providers. (AR 18-25); *see Joseph F. v. Kijakazi*, No. 22-00050, 2022 WL 17903079, at *4 (C.D. Cal. Oct. 11, 2022) (finding that a similarly worded analysis was evaluating consistency); *see also Ann M.*, 2024 WL 39193, at *3 (holding that

the ALJ's "passing reference that [a healthcare provider's] opinion was 'not . . . supported by the longitudinal evidence of record' reflecting normal mental status examinations was insufficient") ("While it is sometimes possible to ascertain whether the ALJ was analyzing supportability or consistency from the context of the ALJ's reasoning and whether the ALJ compared the medical opinion to the source's own treatment notes and objective findings or other evidence in the record, as explained above, [citation omitted], here that is not the case because the ALJ cites no records [n]or explains the evidence on which she relied . . . ."); *see, e.g.*, *Sandra B. v. Kijakazi*, No. 20-11359, 2022 WL 2651981, at *5 (C.D. Cal. July 8, 2022); *Tina L.R. v. Kijakazi*, No. 21-3586, 2022 WL 6632198, at *4 (C.D. Cal. July 25, 2022).

The Court finds unpersuasive the Commissioner's assertion that the omission of a supportability analysis amounts to, at most, harmless error. *See Wade*, 2024 WL 3248021, at *5 (rejecting a similar argument) (collecting cases); *see also Ann M.*, 2024 WL 39193, at *3. Even assuming there was error, the error would not be harmless because the consistency analysis is not supported by substantial evidence: As Plaintiff points out, there are no citations to the record nor did the ALJ point out specific inconsistencies between Dr. Huckabay's opinion and the other medical providers'. (*See* Pl. Reply at 6.) Therefore, the Court cannot discern how the ALJ evaluated Dr. Huckabay's opinion. For that reason, *Joseph F.*, 2022 WL 17903079, at *5-6, and *Tara B. v. Comm'r of Soc. Sec.*, No. 21-0332, 2023 WL 4946573, at *4-5 are distinguishable. (*See* Comm'r Brief at 8.)

As to *Anne B. v. Kijakazi*, No. 22-07012, 2023 WL 8039639, at *10 (N.D. Cal. Nov. 20, 2023), cited by the Commissioner, the Court there acknowledged that "[t]he regulations do require the ALJ to provide [a supportability] analysis," but nonetheless found the ALJ's error harmless because the claimant provided no explanation as to how the unpersuasive medical doctor's opinion would change the RFC determination if there were a proper supportability analysis. (*See* Comm'r Brief at 8.) Plaintiff's case is distinguishable because she does, in fact, provide a persuasive explanation as

to why the ALJ's legal errors affect the consistency analysis, and therefore make the lack of a supportability analysis harmful error. (*See* Pl. Reply at 15.)

Because reversal is warranted as to Dr. Huckabay's opinion, the Court declines to address Plaintiff's claim regarding the ALJ's evaluation of Dr. Pineda's opinion.

## V. REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS

The Court finds that remand for further administrative proceedings is appropriate, as further administrative review could remedy the ALJ's errors. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances); (Pl. Brief at 29.)  On remand, the ALJ shall reassess Dr. Huckabay's opinion.  The ALJ shall then reassess Plaintiff's RFC and proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.  This order does not preclude the ALJ from considering, on remand, any other arguments raised by Plaintiff.

## VI. CONCLUSION

IT IS ORDERED that Judgment shall be entered **REVERSING** the decision of the Commissioner denying her applications for DIB and SSI and **REMANDING** the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 10, 2024

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**